IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

RECEIVED
JAN 1 2 2006
CLERK U.S. DISTRICT COURT
ANCHORAGE ALASKA

McKINLEY CAPITAL MANAGEMENT, INC.,
an Alaska corporation,

    Plaintiff,

vs.

KATHRYN KELLY STEVENS, Trustee of
the Naylor Grandchildren's Trust f/b/o Natalie
GraceNaylor, Naylor Grandchildren's Trust
f/b/o Hanah Elisabeth Naylor, Naylor
Grandchildren's Trust f/b/o Madaline Leah
Naylor, Naylor Grandchildren's Trust f/b/o
Donna Claire Naylor, Naylor Grandchildren's
Trust f/b/o Katherine Rose Stevens, Trevor
James Stevens 1995 Trust, Grace Caroline
Naylor 1996 Trust, Rhett Sentell Naylor 1997
Trust, Audrey Catherine Wheeler 1997 Trust,
Naylor Children's Trust f/b/o Nancy Lavonne
Henry, Naylor Children's Trust f/b/o Timothy
Norwood Naylor, Naylor Children's Trust
f/b/o Kathryn Kelly Stevens, Naylor Children's
Trust f/b/o Douglas D. Naylor, Naylor Children's
Trust f/b/o William S. Naylor, Jr.,

    Defendants.

No. 3:06 cv 08 JKS

## COMPLAINT

McKinley Capital Management, Inc. states as follows for its Complaint against Kathryn Kelly Stevens, Trustee of the Naylor Grandchildren's Trust (NGT) f/b/o Natalie Grace Naylor, NGT f/b/o Hanah Elisabeth Naylor, NGT f/b/o Madaline Leah Naylor, NGT f/b/o Donna Claire Naylor, NGT f/b/o Katherine Rose Stevens, Trevor James Stevens 1995 Trust, Grace Caroline Naylor 1996 Trust, Rhett Sentell Naylor 1997 Trust, Audrey Catherine Wheeler 1997 Trust,

Naylor Children's Trust (NCT) f/b/o Nancy Lavonne Henry, NCT f/b/o Timothy Norwood Naylor, NCT f/b/o Kathryn Kelly Stevens, NCT f/b/o Douglas D. Naylor, NCT f/b/o William S. Naylor, Jr. (hereinafter collectively referred to as "the Naylor Trusts" or "Defendants").

### THE PARTIES, JURISDICTION, VENUE, AND CERTAIN FACTS APPLICABLE TO ALL COUNTS

1.  Defendant McKinley Capital Management, Inc. (MCM) is an Alaska corporation with its corporate headquarters located in Anchorage, Alaska. Its principal place of business is in Alaska. It is a citizen of the State of Alaska for federal jurisdictional purposes.

2.  Kathryn Kelly Stevens (Stevens) is Trustee of each of the Naylor Trusts identified in the style of this action. Stevens resides within the State of Texas. On information and belief each of the Naylor Trusts was formed under the laws of the State of Texas. For federal jurisdictional purposes Stevens and each of the Defendants is a citizen of the State of Texas. All actions taken by Stevens have been taken as authorized Trustee for the Naylor Trusts, acting within the course and scope of her authority and position as fiduciary and Trustee for each of the Naylor Trusts.

3.  This Complaint arises out of services actually performed in the State of Alaska for the Naylor Trusts by MCM, all of which were authorized and ratified by the Naylor Trusts, under the April 14, 2000 Investment Advisory Agreement (IAA) between MCM and the Naylor Trusts, and out of the Naylor Trusts' breaches of the IAA, and, in particular, out of the Naylor Trusts' breaches of the IAA Paragraph 12 (hereinafter, IAA ¶12). The IAA ¶12 states:

> 12.  **Applicable Law.** This agreement shall be construed and interpreted in accordance with the laws of the State of Alaska, (except for the choice-of-law provisions of such laws). The federal and state courts situated in the Third Judicial District at Anchorage, Alaska shall be the exclusive forum for any action brought under this agreement. By their signatures below, the parties hereby consent to the personal jurisdiction of such courts

McKINLEY CAPITAL MANAGEMENT, INC.
3301 "C" STREET, SUITE 500
ANCHORAGE, ALASKA 99503
(907) 563-4488 • Fax (907) 561-7142

and waive any defense that such courts provide an inconvenient forum.

MCM and Stevens, acting on behalf of each Defendant, executed the IAA and all are bound by the IAA. A true and correct copy of the IAA is Exhibit A hereto.

4. MCM brings this action under the IAA ¶12, for breaches thereof, and for declaratory judgment of the parties' rights under the IAA. Pursuant to the IAA ¶12, each of the Naylor Trusts consented to the personal jurisdiction of this Court over it for any action brought under the IAA. Moreover, this Court has personal jurisdiction over the Naylor Trusts pursuant to Alaska St. § 09.05.015 (A), (B). Accordingly, this Court has personal jurisdiction over each of the Naylor Trusts. A substantial part of the alleged events or omissions giving rise to the matters at issue herein occurred within the District of Alaska. Furthermore, pursuant to the IAA¶12, the parties agreed that "the federal and state courts situated in the Third Judicial District at Anchorage, Alaska, shall be the exclusive forum for any action brought under this agreement."

5. The matters in controversy in this action are between citizens of different states. The matters in controversy exceed the sum and value of $75,000, exclusive of interests and costs. This Court has jurisdiction over the parties hereto and over the subject matter pursuant to 28 U.S.C. §1332 (a)(1). Venue is properly placed in this Court pursuant to 28 U.S.C. §1391(a)(2), (3).

### ADDITIONAL FACTS APPLICABLE TO ALL COUNTS

6. In or about April 2000, the parties to this action entered into the IAA. Stephens executed the agreement on behalf of each of the Naylor Trusts, acting at all times with actual and apparent authority to bind each of the Trusts and their beneficiaries. During the period there was a contractual relationship between MCM and the Defendants herein, and during the period of time when the Defendants herein pursued MCM in litigation in the Texas Action (discussed

McKINLEY CAPITAL MANAGEMENT, INC.
3301 "C" STREET, SUITE 500
ANCHORAGE, ALASKA 99503
(907) 563-4488 • Fax (907) 561-7142

more fully below), Stevens at all times acted for and on behalf of the Trusts and their beneficiaries and at all times had actual and apparent authority to bind them. The Naylor Trusts and Stevens are each liable for any actions taken by Stevens on behalf of the Trusts and in connection with the IAA and the bringing of the Texas Action against MCM, and as otherwise might appear from the evidence.

       7.       On or about September 6, 2005, the Naylor Trusts sued MCM under the IAA in Texas State District Court for the 405th Judicial District for Galveston County, Texas in Cause No. 03 CV-0214. A true and correct copy of the First Amended Petition filed by the Naylor Trusts therein, with exhibits, is Exhibit B hereto. On October 24, 2005 MCM removed that case to the United States District Court for the Southern District of Texas, Galveston Division, Cause No. G-05-566. Herein, the Texas lawsuit brought by the Naylor Trusts is referred to as "the Texas Action." The Texas Action arose out of the IAA, the Naylor Trusts alleging therein that MCM breached the IAA, by assertedly "mismanaging" assets supposedly put "under management" with MCM by the Trusts, with the alleged result that the value of the Trusts' assets under the IAA supposedly "plummeted over 70%," and that the Naylor Trusts, allegedly, realized a significant loss in an amount that substantially exceeds $75,000.00, exclusive of interest and costs. Ex. B, Plaintiff's First Amended Petition, *inter alia*, ¶¶ 7, 10, 12, and §VII. MCM adamantly denies the Trusts' allegations and asserts that pursuant to the IAA, MCM performed services for the Naylor Trusts within the State of Alaska, which were authorized and ratified. The Naylor Trusts were required under the IAA to pay MCM for those services. The Naylor Trusts, nonetheless, and in breach of the IAA §12, asserted in the Texas Action that the Texas courts had personal jurisdiction over all parties for purposes of that action, that the Court had subject matter jurisdiction, and that venue for the IAA-based action was proper in Texas.

8.    The IAA ¶12 contains, however, among other provisions, the Naylor Trusts' agreement with MCM that "The federal and state courts situated in the Third Judicial District at Anchorage, Alaska, shall be the exclusive forum for any action brought under this Agreement." It also contains the Naylor Trusts' agreement that "By their signatures below, the parties hereby consent to the personal jurisdiction of such [Alaska] courts and waive any defense that such courts provide an inconvenient forum." IAA ¶12 further provides that the IAA ". . . shall be construed and interpreted in accordance with the laws of the State of Alaska (except for the choice of law provisions of such laws)."

9.    As the direct, proximate, and reasonably foreseeable result of Defendants' bringing the Texas Action, MCM was required to, and did, retain legal counsel, expend the time of MCM management and employees, and thereafter incurred attorneys' fees and costs, as well as other significant incidental and consequential damages, all of which are damages in this case, to defend the Texas Action, to assert the IAA ¶12 defenses, and to successfully obtain a transfer of the Texas Action from the United States District Court for the Southern District of Texas, Galveston Division (to which MCM had removed the Texas Action, following Plaintiffs' filing of the Texas Action in the 405th Judicial District, for Galveston County, Texas). Among other actions MCM took to defend itself in the Texas Action that the Naylor Trusts brought in breach of the IAA ¶12, are the following: MCM removed the State Court Texas Action on or about October 24, 2005, it answered the First Amended Petition on or about October 24, 2005, it demanded a jury, it disclosed interested parties, and it notified Plaintiffs of MCM's intent to move the Southern District of Texas to dismiss the case for lack of venue pursuant to Rule 12 (c) or alternatively to transfer the Texas Action to the District of Alaska pursuant to 28 U.S.C. §1404(a) and the IAA ¶12. Plaintiffs opposed MCM's Motion. Thereafter, among other actions,

McKINLEY CAPITAL MANAGEMENT, INC.
3301 "C" STREET, SUITE 500
ANCHORAGE, ALASKA 99503
(907) 563-4488 • Fax (907) 561-7142

MCM's counsel was required to and did file the Opposed Motion to Dismiss Or In The Alternative Transfer and Memorandum in Support thereof on or about November 21, 2005, filed a Reply to the Naylor Trusts' Response on December 19, 2005, and supported its Motion and Reply with the Affidavits of Diane Wilke, MCM's Executive Vice President and Chief Operating Officer. On November 22, 2005, the Naylor Trusts filed their Motion to Remand. MCM was required to respond thereto, and did so on or about December 8, 2005. In addition, pursuant to Fed.R.Civ.P. 26, and the Local Rules for the Southern District of Texas, MCM, among other actions, was required to and did participate in Initial Disclosures, prepared a Joint Discovery/Case Management Plan, and appeared at the January 4, 2005 Initial Pre-Trial and Scheduling Conference pursuant to the October 24, 2005 Order of United States District Judge Samuel B. Kent, Southern District of Texas, Galveston Division.

10.    On January 4, 2006, counsel for MCM and another defendant in that action, Victory Capital Management, Inc. (not related to MCM), appeared before the Honorable Samuel B. Kent to participate in the hearing. MCM's Texas counsel, Lead counsel, and General Counsel attended, Lead counsel traveling from New Mexico, and General Counsel traveling from Anchorage, Alaska. Counsel for Victory Capital Management, Inc. also appeared, traveling from Maine. Plaintiff's counsel did not appear. On January 4, 2006, United States District Judge Samuel B. Kent entered his Order, finding and concluding in material part that:

> Pursuant to the oral representations of counsel present at the conference, along with the motions and response previously submitted by counsel for both sides, the Court [on January 4, 2006] determined that this case should have been brought in the State of Alaska. As outlined in Defendant's [MCM's] Motion to Transfer, the contract at issue in this case contains a forum selection clause naming Alaska as the proper forum for any action arising out of the contract. Plaintiffs' arguments to the contrary are simply not convincing.

A true and correct copy of the Order (January 6, 2006) is Exhibit C hereto.

11.   Accordingly, the United States District Court for the Southern District of Texas, Galveston Division, ordered that the case against MCM should be transferred to the United States District Court for the District of Alaska. United States District Judge Kent also dismissed the Texas Action against Victory Capital Management, Inc. because Plaintiffs incorrectly named Victory Capital Management, Inc. as a party to the lawsuit. *See* Ex. C. Order.

12.   As the direct, proximate, and reasonably foreseeable result of the actions of the Naylor Trusts, MCM has incurred damages, including attorneys' fees and other incidental and consequential damages, which exceed the sum or value of $75,000.00.

## COUNT I
## BREACH OF CONTRACT

13.   The IAA is a binding and enforceable agreement entered into between MCM and the Naylor Trusts.

14.   The Naylor Trusts breached the IAA ¶12 by, among other actions, bringing the Texas Action, prosecuting the Texas Action against MCM in Texas, refusing to voluntarily dismiss the First Amended Petition in Texas when MCM asserted the forum selection clause as a defense, filing a Motion to Remand to the 405th Judicial District, and requiring MCM to go forward with briefing and the January 4, 2006 hearing.

15.   As the direct, proximate, and reasonably foreseeable result of Defendants' actions, MCM has incurred damages in amounts to be proven more fully on summary judgment or at trial.

## COUNT II
## DECLARATORY JUDGMENT
## PURSUANT TO 28 U.S.C. §2201

16.   MCM incorporates by reference herein the allegations contained in paragraphs 1 through 15 as though fully set forth herein.

McKINLEY CAPITAL MANAGEMENT, INC.
3301 "C" STREET, SUITE 500
ANCHORAGE, ALASKA 99503
(907) 563-4488 • Fax (907) 561-7142

17.  There is an actual case and controversy between MCM and the Defendants, as to, among other issues, whether MCM breached the IAA, as the Defendants alleged in the Texas Action, and whether the Defendants breached the IAA, as alleged herein. Pursuant to 28 U.S.C. §2201, MCM is entitled to a judgment in its favor declaring the rights and legal relations of MCM and the Defendants, and declaring that MCM did not breach the IAA.

18.  A declaratory judgment, accordingly, should be entered herein in favor of MCM, declaring that MCM is not in breach of the IAA and that the Defendants herein are entitled to no relief in regard to such claims, and that Defendants did breach the IAA and MCM is entitled to recover damages.

### PRAYER FOR RELIEF

Accordingly, the Court should enter its final judgment, declaratory judgment, and order herein that:

A.  The Defendants breached the IAA ¶12, as set forth more fully herein and as otherwise may be provided;

B.  MCM is entitled to recover its damages proximately caused by the Defendants' breaches of the IAA ¶12, as alleged more fully herein;

C.  Declaratory judgment is entered that MCM did not breach the IAA; and that

D.  Awards such other and further relief as the Court may deem just and proper.

### DEMAND FOR JURY TRIAL

Plaintiff McKinley Capital Management, Inc. hereby demands trial before a twelve-person jury.

McKINLEY CAPITAL MANAGEMENT, INC.
3301 "C" STREET, SUITE 500
ANCHORAGE, ALASKA 99503
(907) 563-4488 • Fax (907) 561-7142

McKINLEY CAPITAL MANAGEMENT, INC.

By: /s/ J.L. McCarrey, III
J.L. McCarrey, III
General Counsel
Alaska Bar No. 7210059
3301 C Street, Suite 500
Anchorage, AK 99503
Phone: (907) 563-4488
Fax: (907) 561-7142

ATKINSON & THAL, P.C.

By: /s/ Clifford K. Atkinson
Clifford K. Atkinson
New Mexico Bar No. 106
Colorado Bar No. 22472
201 Third Street, N.W., Suite 1850
Albuquerque, NM 87102
Phone: (505) 764-8111
Fax: (505) 764-8374

*Attorneys for Defendant McKinley Capital Management, Inc.*